# United States District Court

## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

V.

**Sherry Willis aka Larzetta Johnson**

## ORDER OF DETENTION
## PENDING TRIAL

Case Number: 1:07-CR-220

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C.§3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

　☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

　☐ an offense for which the maximum sentence is life imprisonment or death.

　☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

　☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

　☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq

　☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the ~~appearance of the defendant as required and the~~ safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is charged as part of a five-year conspiracy to distribute cocaine. She is a resident of Detroit where she is buying a home. Other than her daughter, she has few family ties to Detroit. She has no contact with her father, her mother is in federal prison, her sister is in Alabama, and her grandfather's contact with her is limited due to his health. He gives her $200 a month to help her with her expenses, but is apparently ignorant of the fact that it is probably spent on drugs (see discussion below). She has been the subject of four criminal matters over the past decade, all under the alias of Sherry Willis. (Defendant has a drivers license in the name of both Larzetta Johnson and Sherry Willis. (continued on attachment)

## Part II - Written Statement of Reasons for Detention

find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that

there is no condition or combination of conditions that will assure defendant will not be a danger to the community due to her continuing drug involvement. For nearly 20 years she has been using alcohol, ecstacy and marijuana on a daily basis, and for the past 5 years she has been part of a conspiracy to distribute cocaine. It appears she has used at least one and probably more aliases to facilitate this offense, (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: December 18, 2007

_Signature of Judicial Officer_

Hugh W. Brenneman, United States Magistrate Judge
_Name and Title of Judicial Officer_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

Both show different dates of birth and different addresses.)  Since January 1999, there has been an active warrant outstanding for her arrest for her failure to appear in Minneapolis, MN, regarding a charge of financial fraud.  This warrrant is also in the name of Sherry Willis.  She has also used the alias of Alicia Hall.

Defendant appears to be a substance abuser who consumes a bottle of wine or a pint of liquor per day, and uses marijuana and ecstacy on a daily basis.  She has done this for the past 15 to 20 years.

**Part II - Written Statement of Reasons for Detention** - (continued)

her use of aliases, and her failure to appear in court, I do not find that the presumption that she will be a danger to the community has been rebutted by the mere fact that she is purchasing a home and has minimal employment in another district.  In the alternative, even if the presumption were rebutted, I believe the government has shown by clear and convincing evidence that there is no condition or combination or conditions that will assure plaintiff would not continue to be a danger to the community through her continued involvement in drugs in light of her extensive history of use and long-term involvement with a drug conspiracy.